FILED
SUPERIOR COURT
OF GUAM

2023 JAN -3 PH 5: 05

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, <br><br> vs. <br><br> BUNDY PAUL BILLYOS, <br> *aka* Bundy Paul Paul Billyos <br><br> Defendant. | Case No. CM0288-22 <br> Case No. CF0596-22 <br><br> **DECISION AND ORDER** <br> **(Finding Defendant Not Competent to Stand Trial)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on December 13, 2022, for a Competency Hearing. Alternate Public Defender Brycen Breazeale appeared for Bundy Paul Billyos ("Defendant"). Assistant Attorney General Dannis Le appeared for the People of Guam ("People"). Having considered Defendant's Forensic Evaluation, Dr. Rapadas's testimony, the arguments, and the applicable law, the Court hereby **finds Defendant not competent to stand trial and accepts Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

On August 23, 2022, Defendant was arrested and charged with the following in Superior Court of Guam Criminal Case No. CM0288-22: (1) Harassment (As Petty Misdemeanor) and (2) Criminal Trespass (As a Petty Misdemeanor). Mag. Complaint, Aug. 23, 2022. Police records indicate Defendant tried to enter the Shell Gas Station in Tamuning

despite a stay order in CM0049-22 preventing him from entering Shell Gas Stations. *Id.* On September 1, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Sept. 1, 2022. Pursuant to 9 GCA § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Sept. 2, 2022. On September 20, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, Sept. 30, 2022. The Court held a hearing on December 13, 2022, to determine Defendant's competency to stand trial. After hearing the arguments of the parties, the Court found Defendant not competent to stand trial and transferred his case to Mental Health Court.

On September 22, 2022, the Grand Jury indicted Defendant on the following charges: (1) Terroristic Conduct (As a Third Degree Felony); (2) Three Counts of Criminal Trespass (As Misdemeanors); (3) Assault (As a Misdemeanor); (4) Harassment (As a Petty Misdemeanor); and (5) Two Counts of Disorderly Conduct (As Petty Misdemeanors). Indictment, May 5, 2022. Police records indicate Defendant entered Denny's and California Mart without license or privilege to do so, and harassed customers while at the establishments. *Id.* On October 20, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Oct. 20, 2022. Pursuant to 9 G.C.A. § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Oct. 20, 2022. On November 28, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, Dec. 2, 2022. The Court held a hearing on December 13, 2022, to determine Defendant's competency to

stand trial. Minute Entry, Dec. 13, 2022. After hearing the arguments of the parties, the Court found Defendant not competent to stand trial and transferred his case to Mental Health Court.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)–(4).

Defendant appeared mentally sound throughout both forensic evaluations. Defendant was oriented to person, place, time, and object in both examinations. Forensic Evaluation at 5, Sept. 30, 2022; Forensic Evaluation at 5, Dec. 2, 2022. Defendant's speech was good and "speech content was largely appropriate to the query, but sometimes bizarre or delusional." Forensic Evaluation at 6, Sept. 30, 2022; Forensic Evaluation at 6, Dec. 2, 2022. Defendant has a rational factual understanding of the proceedings against him, and could fully articulate his current charges. Forensic Evaluation at 7, Sept. 30, 2022; Forensic Evaluation at 7, Dec. 2, 2022. Defendant expressed "some delusions of grandeur" throughout both forensic evaluations, including stating that he is a secret agent that has been to Washington D.C. and that he is a millionaire. Forensic Evaluation at 8, Sept. 30, 2022; Forensic Evaluation at 6, Dec. 2, 2022. During the forensic evaluation for CM0049-22, Defendant stated that "he was going to sue the government for millions." Forensic Evaluation, Mar. 10, 2022. Dr. Rapadas reports that Defendant "had a different view of the events in the criminal charges" and "says he is an entertainer and sometimes the people take his behaviors in a scary way." Forensic Evaluation at 8, Dec. 2, 2022. Defendant blames others and is sometimes uncooperative with his doctors. *Id.*

It is noteworthy that Defendant was previously diagnosed with Schizoaffective Disorder. Forensic Evaluation at 9, Dec. 9, 2022. Defendant has received mental health treatment since 2011 at Guam Behavioral Health and Wellness Center ("GBHWC"), and Defendant states that he received mental health treatment prior to beginning treatment at GBHWC. Forensic Evaluation at 4, Dec. 2, 2022. Defendant is currently taking both anti-psychotic and mood stabilizer medications. *Id.* Defendant is currently clinically stable. *Id.* at 5. Dr. Rapadas notes that Defendant's self-report of his medical history "may likely not be 100% reliable considering his history of mental illness and his current clinical presentation which is somewhat unfocused, impulsive, narcissistic, frustrated, and irritable." *Id.*

Dr. Rapadas did not administer a mini-mental examination ("MMSE")—a brief test used to gage the Defendant's current orientation, object registration, attention, language recognition, and ability to recall—during either forensic evaluation because Defendant recently underwent that examination during a forensic evaluation for CM0049-22. Digital Recording at 3:08:03–4:17:11 (Mot. H'rg. Dec. 13, 2022). Defendant scored 30/30 on the MMSE administered in CM0049-22, which indicates he is not currently suffering from overall cognitive weaknesses, dementia, or memory problems. Forensic Evaluation at 5, Mar. 10, 2022.

Dr. Rapadas previously evaluated Defendant in Superior Court of Guam Criminal Case Nos. CM0198-20, CF0152-20, CM0098-20, CM0049-22, and CM0239-22. Forensic Evaluation at 2, Dec. 2, 2022. Dr. Kirk Bellis performed second evaluations of Defendant in CM0198-20 and CM0098-20. *Id.* In four of these cases, Defendant was found competent and not lacking substantial capacity. *Id.* In one case, Defendant was found to be not guilty by reason of insanity. *Id.* On April 4, 2022, the Court found Defendant competent to stand trial

in CM0049-22. Decision and Order Finding Defendant Competent to Stand Trial, Apr. 4, 2022.

Upon listening to Dr. Rapadas's testimony and reviewing the record, the Court holds Defendant is not competent to stand trial. The Court acknowledges that Dr. Rapadas stated in both forensic evaluations that Defendant was competent to stand trial, and the Court found Defendant competent to stand trial earlier this year. Even so, the Court finds that the record demonstrates Defendant is not able to consult with his lawyer with a degree of rational understanding, nor is he able to possess a rational and factual understanding of the proceedings against him. Defendant has undergone approximately seven forensic evaluations and has been charged in at least five criminal cases in the last two years. Defendant has been charged in four criminal cases in 2022 alone. The fact patterns in his criminal cases are all the same; Defendant enters a business—sometimes despite a court order to stay away—asks for food or money, and "performs" for the customers. Mag. Complaint, Aug. 23, 2022; Indictment, May 5, 2022; Judgement of Conviction (Guilty Plea Agreement), Aug. 29, 2022.

Dr. Rapadas stated that Defendant knowingly visits businesses despite being banned from them because he incorrectly believes someone there owes him money or will give him food. Digital Recording at 3:08:03–4:17:11 (Mot. H'rg. Dec. 13, 2022). Dr. Rapadas said this reasoning is distinct from a delusion such as "trying to cleanse his soul or something." Id. The Court understands the distinction Dr. Rapadas is making; Defendant is driven by physical needs as opposed to fantasies. Yet, the Court finds that while Defendant's delusions are connected to reality, they are still delusions. Defendant consistently revisits businesses he is banned from—despite knowing he is banned from them—and presents his "comedic acts" or demands money he incorrectly believes he is owed. The forensic evaluations and Dr.

Rapadas's testimony demonstrate to the Court that Defendant genuinely believes his delusions. His beliefs, although more realistic than some delusions, are delusions nonetheless. The fact that he has been criminally charged four times in the last year and continues to engage in essentially the same conduct indicates that he is unable to understand the significant nature of the proceedings against him and the Court's instructions.

Likewise, Defendant's behavior during the competency hearing made it apparent that Defendant does not have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. Defendant mumbled, sang, and made hand gestures throughout the competency hearing, which made it difficult to conduct proceedings. Dr. Rapadas stated that the hand gestures were "new." *Id.* Dr. Rapadas also stated that if Defendant had exhibited the same behavior during the forensic evaluations as the competency hearing, Dr. Rapadas would have administered another MMSE. *Id.* Attorney Breazeale stated that not only does he believe Defendant is unable to consult with his counsel, but that Defendant's behavior actually hinders Attorney Breazeale's representation. *Id.* The Court compares this behavior with a defendant who obeys the Court and listens to his attorney during proceedings, and the Court concludes that Defendant's behavior illustrates that he is unable to consult with his counsel and fully understand the proceedings.

Dr. Rapadas testified that Defendant is "tipping the edge of competency;" while he has delusions—such as being a secret agent, a millionaire, and planning to sue the government—he also makes statements that are accurate. *Id.* Dr. Rapadas furthered testified that it is "almost as if Defendant has the raw materials to be competent" and Defendant is "competent at fifty percent plus one." *Id.* The Court acknowledges that Dr. Rapadas, Dr. Bellis, and the Court have previously found Defendant competent to stand trial. However, the Court understands

that mental health is fluid and that finds that Defendant may have previously been competent, but is no longer competent. The Court interprets having the "raw materials to be competent" distinct from actually being competent to stand trial; just because Defendant has the ability to be competent does not mean that he is currently competent. Dr. Rapadas did not elaborate on his statement in the forensic evaluations that Defendant sometimes makes "accurate statements." Even so, the Court does not find the ability to make "accurate statements" antithetical to a finding that Defendant is not competent to stand trial, and notes that Dr. Rapadas testified the symptoms of Defendant's schizioactive disorder include "not being in reality." *Id.* Dr. Rapadas also testified that competency exists on a spectrum—it is not black and white—and placed Defendant at about a five out of ten on the competency spectrum. *Id.* This statement indicates that Defendant may have previously been competent, but such a borderline finding of competency and his behavior at the competency hearing made it clear to the Court that Defendant is currently is not competent.

The Court finds that Defendant's genuine beliefs that he is a secret agent and a millionaire, that his comedic acts are welcomed, that he will sue the government, and that he is owed money demonstrate that Defendant has difficulty distinguishing his delusions from reality. Such delusions show that Defendant does not rationally understand the proceedings against him, especially because he continues to repeat behavior he knows is prohibited. Dr. Rapadas's statements denote Defendant has the potential to have competency restored, but that he is currently not competent to stand trial. Therefore, transfer to Mental Health Court is appropriate so that Defendant can work on complying with his treatment with the help of GBHWC.

## CONCLUSION AND ORDER

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant is currently no competent to stand trial and possess neither the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." *See* 9 G.C.A. § 7.37(a)(1)–(4).

- The Court accepts Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.

- Defendant's case will be transferred to Mental Health Court.

SO ORDERED, this _____ day of _____ JAN - 3 2023 _____ 2022.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam